# Exhibit A



**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

June 18, 2020

Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:   *Williams v. NY City DOC,* 18-CV-5175 SDNY: June 9, 2020 Order requiring telephone calls

Dear Judge Parker,

The New York State Department of Corrections and Community Supervision (DOCCS) has learned that the court has issued an injunctive Order requiring Wende C.F. to accommodate extensive telephone calls with Tyreik Williams 19A1691 and his attorneys. While occasional, isolated Orders requiring telephone appearances can be accommodated without objection *e.g.* Docket 90, the instant Order unduly imposes upon DOCCS' capacity. If DOCCS had been given notice and an opportunity to be heard upon an application for such an Order it would have retained the Office of the New York State Attorney General, and would have expressed its opposition to the application.

The docket reflects that parties in the action are in the process of negotiating a settlement. This, however, provides no exigent circumstance for a departure from Directive 4423 (enclosed), under which facilities manage requests for legal telephone calls. The Directive is an essential component of facility management. It enables facilities to avoid undue administrative burdens, to allow fair access to the numerous other incarcerated individuals in need of legal calls, and helps promote interests of safety and security.

Aside from the Directive, as a matter of law the application would have been untenable. A litigant seeking an injunctive Order must demonstrate: (1) that they have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006); *see also Benihana, Inc. v. Benihana of Tokyo,*

*LLC,* 784 F.3d 887, 895 (2nd Cir. 2015). A party must further demonstrate that the injunction "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff," and is "the least intrusive means necessary" to remedy that violation. 18 U.S.C. § 3626(a). *See generally Miller v. French,* 530 U.S. 327, 339 (2000) ("curbing the equitable discretion of district courts was one of the PLRA's principal objectives.").

## I.     The court has not been presented with any injury, let alone an Irreparable one

DOCCS understands that the parties are engaged in lengthy settlement discussions. However, this is not a unique or compelling circumstance. Many hundreds of attorneys and incarcerated individuals participate in such activities without requiring 3-hour telephone odysseys. It is not too much to expect experienced attorneys to convey necessary information in 30 minutes or less.

## II.    Williams has not presented any Constitutional deprivation

There is no indication in the docket that Williams has been deprived of confidential legal phone calls with his counsel. This alone would necessitate denial of the injunction. In any event Williams, as with any other incarcerated individual, is allowed unlimited confidential written communications with counsel, unlimited legal visits with counsel, can make unlimited non-confidential phone calls to counsel, and have confidential phone calls with counsel every 30 days. These circumstances leave no room for an actual Constitutional issue. It is "well settled" that DOCCS is allowed to "restrict inmates' access to counsel by telephone as long as the inmates have some other avenue of access." *U.S. v. Khan,* 540 F. Supp.2d 344, 353 n.7 (S.D.N.Y. 2007) (citations omitted); *accord, Davidson v. Scully,* No. 81 Civ. 390, 1999 WL 961775, at *4-5 (Oct. 21, 1999); *Bellamy v. McMickens,* 692 F.Supp. 205, 214 (S.D.N.Y. 1988). "The fact that such restrictions may be inconvenient to an inmate is not determinative; convenience is not a right of constitutional magnitude." *Khan,* 540 F. Supp.2d at 353, n.7.

*Davidson* is directly on point. In that case, the court entered an order allowing plaintiff to have legal phone calls with his attorney regarding a pending case while he was housed in SHU at Auburn Correctional Facility, a facility that at that time did not allow incarcerated individuals in SHU to telephone their attorneys. *Davidson*, 1999 WL 961775, at *1. But the court *refused* the Davidson's application to continue this order after he was returned to general population at Wende, where Williams is now housed. The court found that Davidson should communicate with counsel per policies applicable to all individuals: "This Court may not direct DOCS personnel at Wende . . .to alter their procedures so that plaintiff may have extra telephone privileges not available to other inmates. … he must contact his counsel in the same manner as any other inmate." *Davidson,* 1999 WL 961775, at *4-5.

## III.   The balance of hardships and public interest would tip against an injunction

As discussed above, there is no basis to find that Williams has had a distinct, equitably cognizable need for an injunctive Order. Requiring DOCCS to allow Williams to have unrestricted 3-hour legal phone calls with counsel presents an unreasonable administrative burden upon the facility, and, due to the resulting appearance of favoritism, would pose a serious security risk.

While Wende has several phones on which incarcerated individuals can make routine calls, such as to family members, these phones are not in private locations and, for security reasons, calls are subject to routine monitoring. To have a confidential legal call with counsel, an incarcerated individual must use a special unmonitored phone in a private location. Such privacy is necessarily a luxury in the

tightly-controlled prison setting.  Wende has only three such phones for its approximately 900 inmates, a significant number of whom have pending civil or criminal cases.  Only one of these phones is for use by general population; the other two are devoted to individuals in SHU and the medical unit who are not able to access the general population phone.  An incarcerated individual can obviously not access these private phones without a staff escort.  Staff must visually observe the individual during the call, and cannot tend to other duties during this time.

All incarcerated individuals at Wende with pending litigation obviously wish to have legal calls with their counsels.  Giving Williams an entitlement to long and frequent legal calls on the sole private phone available to the general population means that other individuals will be denied opportunities to communicate with their counsel by phone.  And tying up a staff member to monitor plaintiff means that they cannot escort or monitor other individuals, for legal phone calls or any other matters.  Apart from the general unfairness of such an arrangement, this is very likely to give rise to dangerous tension as other individuals perceive that DOCCS is providing Williams with preferential treatment.  Accordingly, the hardship the injunction places upon DOCCS, and its population, far outweighs Williams' interests in communication convenience.

For all of the above reasons DOCCS respectfully requests that the current Order be vacated.  Wende C.F. stands ready to discuss reasonable but limited departures from Directive 4423.  If Williams' counsel finds that such discussions have not fulfilled their needs they can bring an application for an injunction upon notice to the New York State OAG and DOCCS, with a sufficient opportunity to be heard.

    Respectfully,

    **s/Charles J. Quackenbush**
    Charles J. Quackenbush
    Deputy Counsel
    New York State Department of Corrections
    and Community Supervision

cjq:40
enc.