**MOLOLAMKEN**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/19/2020

+1 212.556.XXXX
lgrinberg@mololamken.com
www.mololamken.com

June 18, 2020

Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY  10007

BY CM/ECF

> The Plaintiffs shall have until **Tuesday, June 23, 2020 at 5:00 p.m.** to meet and confer with DOCCS and file a letter on ECF advising the Court whether the parties reached an agreement regarding Plaintiff's phone access during the June 24, 2020 settlement conference. At a minimum, the letter shall state: (1) whether DOCCS will accommodate Plaintiff's request for a telephone call and, if so, (2) the time when Plaintiff will be made available and (3) the duration of the call . Any letter filed on the docket must be emailed to DOCCS Deputy Counsel, Charles J. Quackenbush.  For the sake of expediency, the parties shall also email their letter to the Court at: Parker_NYSDChambers@nysd.uscourts.gov.  A copy of this Order was emailed to DOCCS by chambers.

Re:     *Tyreik Williams v. City of New York et al.*, No. 18-cv-5175 (VSB) (KHP):
        <u>Response to Department of Corrections and Community Supervision</u>

SO ORDERED:

*Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Dear Judge Parker:

    We represent Plaintiff Tyreik Williams.  We write in response to the letter emailed to 6/19/2020 chambers today by the Deputy Counsel of the New York State Department of Corrections and Community Supervision ("DOCCS"), regarding the Court's previously issued order allowing Mr. Williams extended time to speak with counsel throughout the month of June.  *See* Dkt. 100 (order); Ex. A (letter).

    The letter is the first time that DOCCS has expressed any objection to extended phone calls between Mr. Williams and his counsel.  Indeed, just today, Wende staff scheduled three phone calls for next week without objection.  *See* Ex. B (correspondence from Wende Correctional Facility staff).  Two of those calls are necessary to allow Mr. Williams to confer about a potential settlement in advance of the Court's scheduled June 24, 2020 settlement conference, while the third call is for the settlement conference itself.  Given that DOCCS has not attempted to meet and confer with Mr. Williams about legal phone calls, DOCCS's position in the June 18 letter is premature.

    Mr. Williams disagrees with DOCCS's contentions in its June 18 letter and will, if necessary, show that they lack merit.  However, given that the current schedule causes no imminent prejudice to DOCCS, and given that DOCCS has indicated a willingness to meet and confer with counsel, *see* Ex. A at 3, we respectfully ask the Court to hold DOCCS's request in abeyance until Mr. Williams and DOCCS have had an opportunity to resolve this issue without the Court's intervention.  Mr. Williams proposes to inform the Court by next Friday, June 26 if the parties are unable to reach an agreement.  In the alternative, Mr. Williams respectfully requests that the Court allow Mr. Williams until Tuesday, June 23, to submit a response to DOCCS's letter.  That timeline will allow Mr. Williams sufficient time to prepare a response as well as materials for the upcoming settlement conference.  *See* Dkt. 103.

Hon. Katharine Parker     - 2 -     June 17, 2020

Thank you for your continued attention to this matter.

Respectfully submitted,

 /s/ Leonid Grinberg

Justin M. Ellis
W. Alex Harris
Leonid Grinberg

*Limited* Pro Bono *Counsel*
 *for Tyreik Williams*

CC: All counsel of record via CM/ECF
   Charles J. Quackenbush (via email only)

Encl

# Exhibit A



**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

June 18, 2020

Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:     *Williams v. NY City DOC,* 18-CV-5175 SDNY:
        **June 9, 2020 Order requiring telephone calls**

Dear Judge Parker,

The New York State Department of Corrections and Community Supervision (DOCCS) has learned that the court has issued an injunctive Order requiring Wende C.F. to accommodate extensive telephone calls with Tyreik Williams 19A1691 and his attorneys.  While occasional, isolated Orders requiring telephone appearances can be accommodated without objection *e.g.* Docket 90, the instant Order unduly imposes upon DOCCS' capacity.  If DOCCS had been given notice and an opportunity to be heard upon an application for such an Order it would have retained the Office of the New York State Attorney General, and would have expressed its opposition to the application.

The docket reflects that parties in the action are in the process of negotiating a settlement.  This, however, provides no exigent circumstance for a departure from Directive 4423 (enclosed), under which facilities manage requests for legal telephone calls.  The Directive is an essential component of facility management.  It enables facilities to avoid undue administrative burdens, to allow fair access to the numerous other incarcerated individuals in need of legal calls, and helps promote interests of safety and security.

Aside from the Directive, as a matter of law the application would have been untenable.  A litigant seeking an injunctive Order must demonstrate: (1) that they have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006); *see also Benihana, Inc. v. Benihana of Tokyo,*

*LLC,* 784 F.3d 887, 895 (2nd Cir. 2015).  A party must further demonstrate that the injunction "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff," and is "the least intrusive means necessary" to remedy that violation. 18 U.S.C. § 3626(a). *See generally Miller v. French,* 530 U.S. 327, 339 (2000) ("curbing the equitable discretion of district courts was one of the PLRA's principal objectives.").

## I.      The court has not been presented with any injury, let alone an Irreparable one

DOCCS understands that the parties are engaged in lengthy settlement discussions.  However, this is not a unique or compelling circumstance.  Many hundreds of attorneys and incarcerated individuals participate in such activities without requiring 3-hour telephone odysseys.  It is not too much to expect experienced attorneys to convey necessary information in 30 minutes or less.

## II.     Williams has not presented any Constitutional deprivation

There is no indication in the docket that Williams has been deprived of confidential legal phone calls with his counsel.  This alone would necessitate denial of the injunction.  In any event Williams, as with any other incarcerated individual, is allowed unlimited confidential written communications with counsel, unlimited legal visits with counsel, can make unlimited non-confidential phone calls to counsel, and have confidential phone calls with counsel every 30 days.  These circumstances leave no room for an actual Constitutional issue.  It is "well settled" that DOCCS is allowed to "restrict inmates' access to counsel by telephone as long as the inmates have some other avenue of access."  *U.S. v. Khan,* 540 F. Supp.2d 344, 353 n.7 (S.D.N.Y. 2007) (citations omitted); *accord, Davidson v. Scully,* No. 81 Civ. 390, 1999 WL 961775, at *4-5 (Oct. 21, 1999); *Bellamy v. McMickens,* 692 F.Supp. 205, 214 (S.D.N.Y. 1988). "The fact that such restrictions may be inconvenient to an inmate is not determinative; convenience is not a right of constitutional magnitude." *Khan,* 540 F. Supp.2d at 353, n.7.

*Davidson* is directly on point. In that case, the court entered an order allowing plaintiff to have legal phone calls with his attorney regarding a pending case while he was housed in SHU at Auburn Correctional Facility, a facility that at that time did not allow incarcerated individuals in SHU to telephone their attorneys. *Davidson*, 1999 WL 961775, at *1.  But the court *refused* the Davidson's application to continue this order after he was returned to general population at Wende, where Williams is now housed.  The court found that Davidson should communicate with counsel per policies applicable to all individuals: "This Court may not direct DOCS personnel at Wende . . .to alter their procedures so that plaintiff may have extra telephone privileges not available to other inmates. … he must contact his counsel in the same manner as any other inmate."  *Davidson,* 1999 WL 961775, at *4-5.

## III.    The balance of hardships and public interest would tip against an injunction

As discussed above, there is no basis to find that Williams has had a distinct, equitably cognizable need for an injunctive Order.  Requiring DOCCS to allow Williams to have unrestricted 3-hour legal phone calls with counsel presents an unreasonable administrative burden upon the facility, and, due to the resulting appearance of favoritism, would pose a serious security risk.

While Wende has several phones on which incarcerated individuals can make routine calls, such as to family members, these phones are not in private locations and, for security reasons, calls are subject to routine monitoring.  To have a confidential legal call with counsel, an incarcerated individual must use a special unmonitored phone in a private location.  Such privacy is necessarily a luxury in the

tightly-controlled prison setting.  Wende has only three such phones for its approximately 900 inmates, a significant number of whom have pending civil or criminal cases.  Only one of these phones is for use by general population; the other two are devoted to individuals in SHU and the medical unit who are not able to access the general population phone.  An incarcerated individual can obviously not access these private phones without a staff escort.  Staff must visually observe the individual during the call, and cannot tend to other duties during this time.

All incarcerated individuals at Wende with pending litigation obviously wish to have legal calls with their counsels.  Giving Williams an entitlement to long and frequent legal calls on the sole private phone available to the general population means that other individuals will be denied opportunities to communicate with their counsel by phone.  And tying up a staff member to monitor plaintiff means that they cannot escort or monitor other individuals, for legal phone calls or any other matters.  Apart from the general unfairness of such an arrangement, this is very likely to give rise to dangerous tension as other individuals perceive that DOCCS is providing Williams with preferential treatment.  Accordingly, the hardship the injunction places upon DOCCS, and its population, far outweighs Williams' interests in communication convenience.

For all of the above reasons DOCCS respectfully requests that the current Order be vacated.  Wende C.F. stands ready to discuss reasonable but limited departures from Directive 4423.  If Williams' counsel finds that such discussions have not fulfilled their needs they can bring an application for an injunction upon notice to the New York State OAG and DOCCS, with a sufficient opportunity to be heard.

Respectfully,

s/Charles J. Quackenbush
Charles J. Quackenbush
Deputy Counsel
New York State Department of Corrections
and Community Supervision

cjq:40
enc.

The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov

# Exhibit B

| | |
|---|---|
| **From:** | Swimline, Emily L (DOCCS) |
| **To:** | Grinberg, Leonid |
| **Cc:** | Frost, Jennifer L (DOCCS); Zaluski, Stephanie M (DOCCS); Kern, Alexandria L (DOCCS) |
| **Subject:** | RE: Legal calls next week with Tyreik Williams (DIN 19A1691) |
| **Date:** | Thursday, June 18, 2020 01:30:47 PM |

Good Afternoon –

The legal calls with inmate Williams 19A1691 are scheduled as follows:

6/22/20 (three hour call) starting at 1:30 pm

6/24/20 (11:30-2:00 pm)

6/25/20 (9:30-12:30 pm)

We will reach out on the day of the scheduled legal calls with the phone number provided.

If any changes should arise please do not hesitate to contact me.

Thank you!

*Emily L. Swimline*

Office Assistant 1 – Special Needs Unit

**Department of Corrections and Community Supervision**
Wende Correctional Facility
3040 Wende Road
Alden, NY 14004
(716) 937-4000 ext. 4370 | Emily.Swimline@doccs.ny.gov

www.doccs.ny.gov

---

**From:** Grinberg, Leonid <lgrinberg@mololamken.com>
**Sent:** Thursday, June 18, 2020 1:20 PM
**To:** Kern, Alexandria L (DOCCS) <Alexandria.Kern@doccs.ny.gov>
**Cc:** Swimline, Emily L (DOCCS) <Emily.Swimline@doccs.ny.gov>; Frost, Jennifer L (DOCCS) <Jennifer.Frost@doccs.ny.gov>; Zaluski, Stephanie M (DOCCS) <Stephanie.Zaluski@doccs.ny.gov>
**Subject:** RE: Legal calls next week with Tyreik Williams (DIN 19A1691)

*ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.*

Dear Alexandria,

In reference to the below, please find attached an order from the court concerning Wednesday's call. I'm also re-attaching the documents I sent yesterday. Please let me know if I can be of any

further assistance in scheduling these calls.

Thank you very much!
Leonid

---

**From:** Grinberg, Leonid
**Sent:** Wednesday, June 17, 2020 1:50 PM
**To:** Kern, Alexandria L (DOCCS)
**Cc:** 'Swimline, Emily L (DOCCS)'; Frost, Jennifer L (DOCCS); Zaluski, Stephanie M (DOCCS)
**Subject:** Legal calls next week with Tyreik Williams (DIN 19A1691)

Dear Alexandria,

We spoke on the phone about an hour ago about scheduling several legal calls with **Tyreik Williams (DIN 19A1691)** for next week.  I am enclosing a formal letter as usual.  As explained in the letter, two of the calls are with counsel and one is with the court.  The relevant details are as follows:

- **Monday, June 22, 2020** for a **3-hour period in the afternoon**.  Please arrange for Mr. Williams to dial out to **1-800-789-3956** and use access code **3112380**.

- **Wednesday, June 24, 2020** at **11:30 a.m. until 2 p.m**.  Please arrange for Mr. Williams to dial out to **1-866-434-5269** and use access code **4858267**.

- **Thursday, June 25** for a **3-hour period in either the morning or afternoon**.  Please arrange for Mr. Williams to dial out to **1-800-789-3956** and use access code **3112380**.

In addition to the letter, I am attaching the court's June 9, 2020 order, which allowed Mr. Williams to have 3-hour calls throughout the month of June, with no restriction as to number of calls per week. (You should already have a copy of this in his file, but I am sending it again just in case.)  In addition, the court will soon issue an additional order pertaining to the Wednesday call.  I think the original order should cover it, but I will forward the additional order once I get it as well.

Thank you so much, and please let me know if I can help in any way.

**Leonid Grinberg**
MoloLamken LLP
430 Park Avenue
New York, NY  10022
T:  (212) 607-8152
M: (347) 835-8764
F:  (212) 607-8161
lgrinberg@mololamken.com
www.mololamken.com

---

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client

privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.